## SOLICITATION OF OLD CUSTOMERS BY A VENDOR OF GOOD-WILL.

Court of Appeals for Hamilton County.

THE LEVY OVERALL MANUFACTURING COMPANY, SAMUEL LEVY,
WILLIAM LEVY, DAVID LEVY AND HARRY HOEMELLE v. THE
CROWN OVERALL MANUFACTURING COMPANY AND
MARGARET WALKER.*

Decided, January 24, 1916.

*Good Will—Restrictions on a Vendor Who has Organized a Competing
Business—Must Not Mislead Customers of the Old Business into
the Belief that he Has Succeeded Thereto—Old Rule Still in Force
in Ohio Against Appropriation of Good-Will Which Has Been
Sold.*

The vendor of the good-will of a business may be enjoined from solicit-
ing the trade of known customers of the old firm, or from im-
properly using his knowledge of the old business for the purpose
of attracting customers to his new business, notwithstanding he
retained the right to engage in such new business.

*Lawrence Maxwell, Cohen, Mack & Hurtig* and *Joseph S.
Graydon,* for plaintiffs in error.

*Harmon, Colston, Goldsmith & Hoadly* and *Oscar Berman,*
for defendants in error.

*Cohen, Mack & Hurtig,* for Margaret Walker.

*Affirming *Crown Overall Mfg. Co.* v. *Levy Overall Mfg. Co.,* 16 N.P.
(N.S.), 561.

JONES (Oliver B.), J.

Plaintiffs in error seek to reverse the judgment of the Superior Court of Cincinnati granting a permanent injunction against them and awarding $15,000 damages to defendant in error the Crown Overall Manufacturing Company.

The parties agree that an extensive business in the manufacture and sale of overalls had been carried on by Oscar Berman and Samuel Levy as partners under the name of Berman and Levy and the Crown Overall Manufacturing Company. That the partnership was dissolved by consent, Berman buying the entire interest of Levy including specifically the good will of said partnership, the value paid for Levy's one-half interest in this good-will being $15,000. The good will thus sold and conveyed was the good will of the business with all that imports, not merely the right to use the partnership name, occupy the old quarters or advertise as its business successor.

The facts of the case are well and fully stated in the opinion of the court below, which is reported in 16 N.P.(N.S.), 561.

Counsel for plaintiffs in error strenuously insist that the ruling of the court below in regard to soliciting the patronage of old customers is in direct conflict with the decision of the Supreme Court in *Brass & Iron Works Co.* v. *Payne*, 50 O. S., 115. They rely particularly upon the following language found in the opinion of Judge Spear, at page 118:

"He may carry on a like business in the immediate vicinity, and may solicit the patronage of old customers, both by advertisement and private solicitation, so long as he does not mislead customers into the belief that he is carrying on business as the successor of the old firm, but this does not involve an appropriation of anything which he once possessed, but has, for a valuable consideration sold."

This language was held by the trial judge to be *obiter dicta* and not binding as an authority in this case. To throw all the light possible, therefore, upon that case counsel for plaintiff in error have secured from the Supreme Court files and furnished to this court a printed copy of the record and of the brief in behalf of plaintiff. A careful examination of these show that the object of that suit was to enjoin the use of the old firm name,

by the retiring partner, and to enjoin him from representing himself in his new business as the successor of the old firm. As stated by Judge Spear in 50 O. S., at page 117:

"The single question of law presented by the record is whether or not, where a partnership is dissolved, one partner transferring to the other all his interest in the firm business and assets, with the understanding that the others are to succeed to the business of the old firm, and carry it on at the old stand, but not to use the old firm name beyond a specified time, the retiring member can lawfully use that name in a similar business thereafter carried on by him in the vicinity."

The result of the decision in that case was (p. 119):

"A perpetual injunction, restraining the defendant from using, in his business at Fostoria, the name of Walter S. Payne & Co., and from holding himself out as the successor of said firm of Walter S. Payne & Co."

The law of the case on this point is embodied in the second clause of the syllabus:

"Of this good will is the firm name; and where the contract of sale reserves to the retiring partner no rights with respect to the firm name, he can not lawfully use it in a busines of a like kind, carried on by him in the vicinity subsequent to such dissolution."

The rules of the Supreme Court provide that the points decided shall appear in the syllabus. Rule VI of these rules has remained the same from 5 O. S. through 82 O. S. Statements made by a judge in his opinion by way of argument or illustration, not called for by the issues of the case to be decided, do not become authoritative. 11 Cyc., 755; *Cohen* v. *Virginia*, 6 Wheat. (U. S.), 264, 399; *Carroll* v. *Carroll*, 16 How. (U. S.), 275, 287; *Pollock* v. *Farmer's L. & T. Co.* 157 U. S., 429, 574; *Love* v. *Miller*, 53 Ind., 294, 299.

In *Pioneer Trust Co.* v. *Stich*, 71 O. S., 459, 466, Judge Spear himself in giving the opinion of the court said:

"The syllabus controls, even though the expression of the judge should be thought to indicate a state of mind favorable to the contention of counsel upon a question not before the court."

The language used by Judge Spear in 50 O. S., at 118, quoted and relied on by counsel for plaintiffs in error here, is no doubt based upon an interesting note written by the editor, found appended to the case of *Berganini* v. *Bastian,* 48 American Report, 216. This case was cited and relied upon in the brief of plaintiff in error there. This note commences at page 223 and discusses the leading English cases on the subject of good will, beginning with *Labouchere* v. *Dawson,* L. R. 13 Eq., 332 (1872), and ending with *Pearson* v. *Pearson,* L. R. 27 Ch. Div., 145 (1884), and summing up with three general rules found on page 232, which appear to be drawn from the last named case. The case of *Pearson* v. *Pearson,* which discredited *Labouchere* v. *Dawson,* has since been overruled by the House of Lords in the case of *Trego* v. *Hunt,* L. R. Appeal Cases (1896), page 7.

While we agree with counsel for plaintiffs in error that if the rule of law in this state had been established by our Supreme Court based upon that found in *Pearson* v. *Pearson* there would be no justification in any inferior court to disregard that rule because *Pearson* v. *Pearson* has been in turn overruled by *Trego* v. *Hunt,* yet we can not concede that the case of *Brass & Iron Works Co.* v. *Payne,* 50 O. S., 115, established the rule of *Pearson* v. *Pearson* in Ohio. It certainly was not intended by it to overrule or weaken the authority of *Burckhardt* v. *Burckhardt,* 36 O. S., 261; 42 O. S., 474 (2 W. L. B., 22; 8 W. L. B., 253 and 14 W. L. B., 108). This case recognizes the rule of *Labouchere* v. *Dawson,* which was approved by *Trego* v. *Hunt,* in which the rule is thus stated:

"Where the good will of a business is sold (without further provision), the vendor may set up a rival business, but he is not entitled to canvass the customers of the old firm, and may be restrained by injunction from soliciting any person who was a customer of the old firm prior to the sale to continue to deal with the vendor, or not to deal with the purchaser."

And we must still regard *Burckhardt* v. *Burckhardt* as authority.

Counsel for plaintiffs in error discuss in detail the reasoning of the trial judge in his opinion as to the amount of damages.

It would appear that some of the detailed items as there discussed may be too large, but taking the total as finally fixed, considering all of the evidence and especially the conduct of defendants below, under the rules laid down by *Burckhardt* v. *Burckhardt,* 42 O. S., 474, the amount of the judgment can not be deemed excessive or as being manifestly against the weight of the evidence. The opinion of the trial judge is not to be treated as a finding of fact. *Transportation Co.* v. *Blanchard,* 31 O. S., 650.

The order of injunction as framed is in all its essentials correct; in one particular, however, we deem it as, inadvertently no doubt, going beyond what was intended or what should have been ordered; that is, wherein the individual defendants Samuel Levy, David Levy and Harry Hoemellee

"are restrained and enjoined from using or disclosing any knowledge, information or trade secrets of said firm of Berman and Levy acquired by them while in its employ."

"Knowledge" and "information" once acquired can not be taken away, and it is beyond the power of a court to prevent one from "using" either. Defendants, however, can be enjoined from "disclosing" such knowledge to others, and from *improperly* using it in their own business to secure the business of customers of the old firm that rightfully belongs to the plaintiff below. To such an extent the injunction may be modified.

A careful examination of the extended record in the case at bar, and full consideration of the able and elaborate arguments and briefs of counsel, bring this court to the conclusion that the case was rightfully decided in the court below, and the ground having been fully covered by the learned opinion of the trial court, further discussion becomes unnecessary here. With the modification of the injunction as suggested, the judgment will be affirmed.

JONES (E. H.), P. J., and GORMAN, J., concur.